# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONI ALEXANDER, LONI ALEXANDER AS TRUSTEE FOR PROVENCE TRUST,<br><br>Plaintiffs,<br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE, and Does 1-10 inclusive,<br><br>Defendants. | CASE NO. 13-cv-407-MMA (WVG)<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**<br><br>[Doc. No. 5] |

Plaintiff Loni Alexander ("Plaintiff"), on behalf of herself and as Trustee for Provence Trust, brings this mortgage-related dispute against Defendant Deutsche Bank National Trust Company ("Defendant"). Defendant now moves to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 8 and 12(b)(6). *See* Doc. No. 5. Upon receiving leave of Court, Plaintiff filed an untimely opposition to the motion, to which Defendant replied. *See* Doc. Nos. 8-4, 12. For the following reasons, the Court **GRANTS** Defendant's motion to dismiss.

/ / /

/ / /

/ / /

/ / /

**BACKGROUND**[1]

On June 28, 2007, Plaintiff obtained a $999,999 mortgage loan from IndyMac Bank, FSB ("IMB") in order to refinance her residence located at 2167 South Grade Road, Alpine, California ("the Property"). [Compl. ¶¶ 6, 33.] The loan was secured by a deed of trust on the Property. [*Id.* ¶ 33.] The deed of trust lists Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, and Chicago Title Insurance Co. as Trustee. [*Id.*; *see* June 28, 2007 Deed of Trust, Def's Request for Judicial Notice ("RJN"), Ex. A.]

Plaintiff then alleges that IMB attempted to sell or assign her loan, but, for reasons difficult to discern from the complaint, did not validly do so. [Compl. ¶ 35.] Later, IMB was acquired by OneWest Bank Group, LLC ("OneWest"). *Id.* ¶ 36.] Plaintiff alleges that "[t]o date, there have been no valid substitutions or assignments . . . such that [IMB], and now [OneWest] as successor remains the owner of the Note and the Lender under the Note and Deed of trust, and Chicago Title remains the named Trustee to the exclusion of all others." [*Id.* ¶ 42.]

According to Defendant, shortly after Plaintiff's loan closed, Plaintiff's loan was pooled and placed in the IndyMac INDA Mortgage Loan Trust 2007-FLX6, Mortgage Pass-Through Certificates, Series 2007-FLX6 ("2007 Trust") pursuant to the terms of a Pooling and Servicing Agreement dated July 1, 2007 ("PSA"). [*See* RJN, Ex. B.] Although ownership of Plaintiff's loan was transferred to the 2007 Trust, IMB retained the servicing rights to the loan. [*Id.* at 1.] On July 11, 2008, IMB failed and was closed by the Office of Thrift Supervision. The FDIC was appointed as receiver. [*See* Office of Thrift Supervision Order ("OTS") Order No. 2008-24, RJN, Ex. C.] The assets of IMB were transferred to the newly-chartered

---

[1] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations of the complaint in question. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976). However, as it is difficult to reconstruct a factual background from the Complaint alone, the Court supplements the background section with facts taken from the documents attached to Defendant's motion to dismiss. As discussed below, the Court takes judicial notice of the facts contained in these documents.

IndyMac Federal Bank, FSB ("IMFB"), for which the FDIC was appointed as Conservator and operated IMFB from July 11, 2008 until March 19, 2009. [*See generally* Servicing Business Asset Purchase Agreement, RJN, Ex. D.] On March 19, 2009, IMFB was closed and the FDIC was appointed as Receiver. In its capacity as receiver, the FDIC sold and transferred certain assets of IMFB to newly-formed OneWest. The transferred assets included the servicing rights to Plaintiff's loan. [*See id.*] On January 10, 2011, MERS assigned its beneficial interest in Plaintiff's loan to Deutsche Bank, as trustee for the 2007 Trust. [*See* Assignment of Deed of Trust, RJN, Ex. F.] This assignment was recorded on June 3, 2011. [*Id.*]

Plaintiff alleges that on February 24, 2011, Meridian Foreclosure Service ("Meridian") caused to be recorded and sent to Plaintiff a Notice of Default and Election to Sell Under Deed of Trust. [Compl. ¶ 44.] Plaintiff alleges that Luis Henriquez, who signed the notice, was not authorized to do so by IMB, OneWest, or MERS. [*Id.* ¶¶ 46-47.] Plaintiff alleges that Defendant was merely a third-party stranger to the loan transaction, with no right or power to act under the Note or Deed of Trust. [*Id.* ¶ 50.] Plaintiff does not dispute that money is owed on her mortgage obligation. [*Id.* ¶ 31.]

Based on these events, on February 20, 2013, Plaintiff alleging claims for (1) declaratory relief; (2) negligence; (3) breach of quasi contract; (4) violation of the Fair Debt Collection Practices Act ("FDCPA"); (5) violation of California's Unfair Business Practices act; (6) accounting; and (7) cancellation of instruments. Plaintiff asserts "the documents recorded by or on behalf of [Defendant] were not in any manner authorized or executed by a real party in interest in the Note and Deed of Trust, and are fabrications and forgeries executed by as yet unidentified rogue employees of [Defendant]." [Compl. ¶ 30.]

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked

by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations, brackets, and citations omitted).

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, generally, a court may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). However, Federal Rule of Evidence 201 allows the Court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The Court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125–26 (9th Cir. 2002). The court may disregard allegations in

a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

## DISCUSSION

### A.  Judicial Notice

Defendant seeks judicial notice of seven documents: (1) a copy of the Deed of Trust recorded on July 17, 2007 in the official records of the San Diego County Recorder; (2) the July 1, 2007 PSA between IMB and Defendant, which is publically available on the Security Exchange Commission's website; (3) a July 11, 2008, order from the Office of Thrift Supervision appointing the FDIC as receiver; (4) a Servicing Business Asset Purchase Agreement between the FDIC, the receiver for IMFB, and OneWest available on the FDIC's website; (5) the Notice of Default recorded February 24, 2011 in the official records of the San Diego County Recorder as instrument no. 2011-0102393; (6) the Assignment of Deed of Trust recorded on June 3, 2011 in the official records of the San Diego County Recorder as instrument no. 2011-0284142; and (7) the Assignment of Deed of Trust recorded on July 20, 2012, in the official records of the San Diego County Recorder as instrument number 2012-0421624.

Under Federal Rule of Evidence 201(b), a district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Plaintiff objects to Defendant's request for judicial notice, arguing that this Court should not take judicial notice of the facts stated within the documents, as the statements are hearsay.  [*See* Opp. at 1-2.] However, Plaintiff does not question the authenticity of the documents themselves. The Court overrules Plaintiff's hearsay objections in light of the fact that all of Defendant's exhibits are available from public records.  For example, Exhibits A (Deed of Trust), E (Notice of Default), F (Assignment of Deed), and G (further Assignment), of which Defendant requests judicial notice, are all records filed with

the county recorder. Courts routinely take judicial notice of these types of documents. *See, e.g., Liebelt v. Quality Loan Serv. Corp.*, 2011 WL 741056, at *6 n.2 (N.D. Cal. 2011); *Reynolds v. Applegate*, 2011 WL 560757, at *1 n.2 (N.D. Cal. 2011); *Giordano v. Wachovia Mortg., FSB*, 2010 WL 5148428, at * 1 n.2 (N.D. Cal. 2011). In addition, RJN Exhibits B, C, and D are documents obtained from administrative agencies and are therefore properly noticed as a public record. *See Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).[2]

Thus, the Court finds that the accuracy of these documents cannot reasonably be questioned as they are all either publically recorded documents or publically available government documents. Accordingly, the Court **GRANTS** Defendant's requests for judicial notice.

**B.     Standing**

As a preliminary matter, Defendant argues that the complaint must be dismissed on standing grounds because Plaintiff fails to identify the trust of which Defendant is purportedly the trustee. [Mot. at 8.] Plaintiff acknowledges that this deficiency must be cured in order to prevent dismissal. Accordingly, Plaintiff requests leave to amend her complaint to substitute "INDX Mortgage Loan Trust 2007-FLX6, Mortgage Pass-Through Certificates 2007-FLX6" in place and instead of "The Unknown Trust."[3] [Opp. at 7.]

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co.*

---

[2] Furthermore, to the extent that these exhibits are considered for the truth of the matter asserted, they are either business or public records under Fed. R. Evid. 803(6) and 803(8) and therefore constitute exceptions to the hearsay rule.

[3] The Court notes that Federal Rule of Civil Procedure 15(a) afforded Plaintiff the opportunity to amend her complaint as a matter of course within 21 days after service of Defendant's motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B). As this opportunity has now passed, however, Plaintiff must seek leave of court to amend.

*v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). To determine whether leave to amend would be futile, the Court assumes for purposes of this order that Plaintiff has properly identified the trust over which Defendant serves as trustee. As will be demonstrated, the Court finds that amendment would be futile, and thus denies Plaintiff's request to amend her complaint.

### C. Individual Claims for Relief

The crux of Plaintiff's complaint is as follows:

> Plaintiffs allege[] that at NO TIME did MERS affect an assignment, transfer, negotiation, or sale of the Deed of Trust to any Defendant or Doe Defendant, or anyone at any time, and any document, that purports to have effectuated such an assignment, transfer, negotiation, or sale of the Deed of Trust, including the Notice of Default was executed by a stranger to the Lender, and also to MERS, and someone without the legal authority to undertake any act for or on behalf of MERS as agent of the true lender.

[Compl. ¶ 62.] In opposition, Plaintiff clarifies that "through the instant lawsuit, Plaintiff . . . will establish that Defendant . . . in its capacity as purported assignee of Plaintiff's Note and Deed of Trust are not and were not her true creditors and as such have and had no legal, equitable, or pecuniary right in the debt obligation secured by the Plaintiff's real property that is the subject of these proceedings." [Opp. at 1.]

However, the documents submitted by Defendant and which are subject to judicial notice directly refute Plaintiff's allegation that Defendant is a stranger to the loan. Under these documents, (1) Plaintiff obtained the loan from IMB in 2007 secured by a deed of trust; (2) this loan was pooled and placed in the 2007 Trust; and (3) the beneficial interest in the deed of trust was later assigned to Defendant. Thus, there is an unbroken chain of title that supports Defendant's right to receive payments under the loan. *See McLaughlin v. Wells Fargo Bank, N.A.*, 2012 WL 5994924, at *6 (C.D. Cal. 2012) (finding that "[b]ecause there is an unbroken chain of title and Plaintiff has failed to properly allege a claim for fraud so as to invalidate the recorded documents," defendants had the authority to demand payment on the mortgage loan).

In response to these facts, Plaintiff states that she "will not dispute that the [assignment document] exists, but will dispute that MERS authorized, signed, or had knowledge of the purported assignment and that the person who signed the assignment was authorized by MERS." [Opp. at 3.] However, the Court finds that amendment of the complaint to include these allegations would be futile. "[D]istrict courts have held that borrowers who were not parties to the assignment of their deed–and whose rights were not affected by it–lacked standing to challenge the assignment's validity because they had not alleged a concrete and particularized injury that is fairly traceable to the challenged assignment." *Marques v. Federal Home Loan Mortg. Corp.*, 2012 WL 6091412, at *4 (S.D. Cal. 2012) (quoting *Silving v. Wells Fargo Bank*, NA, 2012 WL 135989, at *3 (D. Ariz. 2012); *In re MERS Litig.*, 2011 WL 4550189 (D. Ariz. Oct.3, 2011) (quotations omitted). "[T]he validity of the assignment does not affect whether [the] borrower owes its obligations, but only to whom [the] borrower is obliged." *Id.* at *5 (quoting *Livonia Prop. Holdings, L.L.C. v. Farmington Road Holdings, L.L.C.*, 717 F. Supp. 2d 724, 735-36 (E.D. Mich. 2010)). Therefore, the Court finds that Plaintiff lacks standing to challenge the assignment of the Deed of Trust.

Additionally, Plaintiff contends that the assignment of the Deed of Trust was invalid on the ground that "[t]he parties involved in the alleged Securitization and transfer of Plaintiffs' Note and Mortgage failed to adhere to section 2.01 of the related PSA . . . ." [Compl. ¶ 53.] "To the extent Plaintiff bases her claims on the theory that [Defendant] allegedly failed to comply with the terms of the PSA, the court finds that she lacks standing to do so because she is neither a party to, nor a third party beneficiary of, that agreement ." *McLaughlin*, 2012 WL 5994924, at *4 (quoting *Sami v. Wells Fargo Bank*, 2012 WL 967051, at *5 (N.D. Cal. 2012) (dismissing claims based on the allegation that defendant bank transferred or assigned the Deed of Trust after the securitized trust closing date in violation of the PSA)). Thus, Plaintiff does not have standing to challenge the assignment on the

basis of violations of the PSA.

Because the Court finds that Plaintiff's mortgage loan was assigned to Defendant, thereby giving Defendant the right to seek payment, Plaintiff's claims must be dismissed. Plaintiff requests leave to amend her complaint to provide "plausible factual assertions" in support of her position that MERS did not affect any assignment of the Deed of Trust. [Opp. at 10.] However, the Court finds that dismissal with prejudice is warranted because amendment would be futile absent allegations that the assignment documents were fraudulent.

Federal Rule of Civil Procedure 9(b) states that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity."). In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)). Rule 9(b)'s heightened pleading standard applies not only to federal claims, but also to state law claims brought in federal court. *Id.* at 1103. This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

Here, in taking judicial notice of the aforementioned documents, the Court has conclusively determined that the accuracy of these documents cannot reasonably be questioned. Further, Plaintiff does not indicate what additional plausible facts she might include, or otherwise indicate an ability to satisfy the stringent pleading

requirements for claims of fraud. Thus, the Court is convinced that this complaint cannot be saved by any amendment.

In light of the determination that Plaintiff's claims should be dismissed with prejudice, the Court only briefly addresses each specific claim.

### 1. *Declaratory Relief*

Plaintiff's claim for declaratory relief is directly tied to the allegation that Defendant was a stranger to the loan, and thus did not have the authority to collect mortgage payments from Plaintiff. Thus, for the reasons above, and also because none of Plaintiff's substantive claims survive Defendant's motion to dismiss, this claim necessarily fails. *See Glue–Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3, 98 Cal. Rptr. 2d 661 (2000) (noting that equitable forms of remedy "have no separate viability" if plaintiff's other causes of action fail).

### 2. *Negligence*

Plaintiff alleges that Defendant breached its duty of care not to collect mortgage payments where Defendant lacked the right to enforce the underlying obligation. [Compl. ¶ 106.] In addition to the reasons stated above, this claim fails because financial institutions generally do not owe a duty of care to a borrower when its activities do not exceed those of a conventional money lender. *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095-96 (Ct. App. 1991). "Furthermore, a trustee under a deed of trust owes Plaintiff no duty beyond its duties contained in Cal. Civ. Code §§ 2924, *et seq*." *Id.* (citations omitted).

While Plaintiff alleges that Defendant owes her a duty of care because of their "unconventional relationship," Plaintiff bases her negligence claim on allegations that Defendant was a stranger to the loan and did not have the right to enforce it. [Compl. ¶ 106.] For the reasons stated above, these allegations are insufficient to establish an unconventional relationship necessary to compel the Court to deviate from the general rule that financial institutions do not owe a duty of care to borrowers. *Nymark*, 231 Cal. App. 3d at 1096. As Plaintiff is unable to establish a

duty, and for the reasons stated previously with respect to Defendant's right to collect payment, the cause of action for negligence is dismissed with prejudice.

### 3. Quasi Contract

Plaintiff's claim for breach of quasi contract is based on the theory that Defendant had no interest in the note or deed of trust when it attempted to improperly collect on the loan. [Compl. ¶ 112.] For the reasons set forth above, this claim fails and is dismissed.

### 4. FDCPA

Plaintiff asserts violations of the FDCPA against Defendant, which moves to dismiss the claim on grounds that they are not debt collectors as defined by the FDCPA, and foreclosure-related activity conducted pursuant to a deed of trust does not constitute debt collection within the meaning of the FDCPA.

The declared purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors . . . and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). It is well-established that the activity of foreclosing on property pursuant to a deed of trust is not "collection of a debt" within the meaning of the FDCPA. *See, e.g.*, *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (citing *Ines v. Countrywide Home Loans*, 2008 WL 4791863, at *2 (S.D. Cal. 2008)). As one district court explained,

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.

*Hulse v. Ocwen Fed. Bank*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002).

Plaintiff's FDCPA claim cannot be based on the allegation that Defendant recorded the notice of default, as such activity does not qualify as "debt collecting" under the FDCPA. Furthermore, this claim fails because it is based on Defendant not having the legal right to collect loan payments. Thus, this claim is dismissed.

*5.    California Business and Professions Code*

Plaintiff next alleges that Defendant engaged in unlawful, unfair, and fraudulent business practices in violation of California's Unfair Competition Law, Cal. Bus. and Prof. Code § 17200 *et seq.* ("UCL"). Defendant asserts that Plaintiff fails to state a claim under this statutory provision.

California's UCL prohibits unlawful, unfair, and fraudulent business acts or practices. Cal. Bus. & Prof. Code § 17200 *et seq.*; *Wolfe v. State Farm Fire & Casualty Ins. Co.*, 46 Cal. App. 554, 558 (1996). The law is "sweeping, embracing anything that can properly be called a business practice and at the same time is forbidden by law." *Cel-Tech Communs., Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). The UCL "borrows violations of other laws and treats them as unlawful practices that the [UCL] makes independently actionable." *Id.*

Plaintiff alleges that Defendant engage in fraudulent business practices with respect to mortgage loan servicing by: executing and recording false and misleading documents; executing and recording documents without the legal authority to do so; failing to disclose the principal for which documents were being executed and recorded; demanding and accepting payments for debts that were non-existent; violating the security first rule; and acting as a beneficiary without the legal authority to do so. [Compl. ¶ 116.]

The Court finds that this claim is directly derivative of the previous claims which the Court has determined to be without merit. Thus, this claim also necessarily fails.

/ / /

6.   *Accounting*

As Plaintiff "tethers" her claim for an accounting to the previously asserted causes of action [*see* Compl. ¶ 125], this claim fails.

7.   *Cancellation of Instruments*

Plaintiff seeks the cancellation of the Notice of Default recorded with the San Diego County Recorder's Office on February 23, 2011.  However, as discussed previously, Plaintiff has failed to allege facts to demonstrate such notice was unlawful.  The Court dismisses this claim.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss and **DISMISSES** Plaintiff's Complaint **with prejudice**.  The Clerk of Court shall terminate the case.

**IT IS SO ORDERED**.

DATED: July 1, 2013

*[signature]*

Hon. Michael M. Anello
United States District Judge